# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHILIP READ,<br><br>              Plaintiff,<br><br>v.<br><br>PAUL PROFETA, PAUL V. PROFETA &<br>ASSOCIATES, RADIUS: BRICK CITY &<br>BEYOND, STEVEN COLEMAN and<br>WILLIAM KOHN,<br><br>              Defendant. | 2:15-cv-02637-KM-JBC<br><br><br>**CIVIL ACTION** |

---

## DEFENDANTS' BRIEF IN OPPPOSITION
## TO PLAINTIFF'S MOTION TO DISMISS THE COUNTERCLAIM

---

GREENBAUM, ROWE, SMITH & DAVIS LLP
MARC J. GROSS, ESQ.  (2648)
75 Livingston Avenue, Suite 301
Roseland, New Jersey 07068-3701
(973) 535-1600
Attorneys for Defendants Paul Profeta, Paul V.
Profeta & Associates, Radius: Brick City &
Beyond, Steven Coleman and William Kohn

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................1

STATEMENT OF FACTS ........................................................................................2

LEGAL ARGUMENT ...............................................................................................4

POINT I ..........................................................................................................4

THE COURT SHOULD DENY PLAINTIFF'S MOTION TO DISMISS
THE COMPLAINT BECAUSE PLAINTIFF FAILS TO SATISFY THE
RULE 12(b)(6) STANDARD. ...........................................................................4

POINT II .........................................................................................................7

THE FIRST COUNT OF THE COUNTERCLAIM STATES A
COGNIZABLE CLAIM FOR MALICIOUS ABUSE OF PROCESS...............7

POINT III........................................................................................................9

THE SECOND AND FOURTH COUNTS SET FORTH COGNIZABLE
CLAIMS OF TORTIOUS INTERFERENCE. ...................................................9

POINT IV........................................................................................................11

THE THIRD COUNT SETS FORTH A CONGNIZABLE CAUSE OF
ACTION FOR DEFAMATION. .......................................................................11

POINT V .........................................................................................................12

THE FIFTH COUNT ALLEGES A COGNIZABLE CAUSE OF
ACTION FOR FALSE LIGHT INVASION OF PROPERTY. .........................12

POINT V I.......................................................................................................14

IN THE EVENT THAT ANY CLAIM IS FOUND TO BE
INSUFFICIENTLY PLEAD, PROFETA REQUESTS LEAVE TO
AMEND THE COUNTERCLAIM. ...................................................................14

CONCLUSION.........................................................................................................15

# TABLE OF AUTHORITIES

**Page**

## Cases

Abdelhamid v. Altria Group, Inc.
  515 F.Supp. 2d 384 (S.D.N.Y. 2007) .................................................................. 5, 7

Ashcroft v. Iqbal
  129 S. Ct. 1937 (2009) ....................................................................................... 4, 5

Bell Atl. Corp. v. Twombly
  550 U.S. 544 (2007) ........................................................................................... 4, 5

Bell Atlantic Corp. v. Twombly,
  550 U.S. 544, 555 n.3 (2007) ................................................................................. 4

Borelli v. City of Reading
  532 F.2d 950 n.1 (3d Cir. 1976) ........................................................................... 14

Carton v. Choice Point
  450 F.Supp. 2d 489 (D.N.J. 2006) ......................................................................... 9

Ciemniecki v. Parker McCay P.A.
  2010 U.S. Dist. LEXIS 55661 (D.N.J. June 7, 2010) ........................................... 11

DeCosta v. English
  2012 U.S. Dist. LEXIS 20515 (D.N.J. Feb. 16, 2012) ......................................... 11

Devlin v. Greiner
  147 N.J. Super. 446 (Law Div. 1977) ................................................................... 12

F.D.I.C. v. Bathgate
  27 F.3d 850 (3d Cir. 1994) ................................................................................... 11

Fletcher-Harlee Corp. v. Pote Concrete Contrs., Inc.
  482 F.3d 247 (3d Cir. 2007) ................................................................................. 14

Gibbs v. Caswell Massey
  2009 U.S. Dist. LEXIS 23578 (D.N.J. March 26, 2009) ....................................... 12

Grayson v. Mayview State Hosp.
  293 F.3d 103 (3d Cir. 2002) ................................................................................. 14

Hall v. Heavey
  195 N.J. Super. 590 (App. Div. 1984) .................................................................. 11

Hedges v. United States
  404 F.3d 744 (3d Cir. 2005) ............................................................................ 4

J.L.D. v. Estate of Gannon
  2016 U.S. Dist. LEXIS 100312 (D.N.J. July 29, 2016) ............................. 12

Kehr Packages, Inc. v. Fidelcor, Inc.
  926 F.2d 1406 (3d Cir. 1991) ............................................................................ 4

Leistritz v. Extruder Corp. v. Plymer Concentrates, Inc.
  363 Fed.Appx. 963 (3d 2010) ........................................................................... 9

Minuto v. Genesis Advisory Services, Inc.
  2012 U.S. Dist. LEXIS 44882 (D.N.J. March 29, 2012) ............................ 11

Murphy v. Johns-Manville Prods. Crop.
  45 N.J. Super. 478 (App. Div.), certif. den. 25 N.J. 55 (1957) ................... 11

Northern Star Management, Inc. v. The Insurance Professionals, Inc.
  2013 U.S. Dist. LEXIS 135286 (D.N.J. Sept. 23, 2013) ............................. 9

Phillips v. County of Allegheny
  515 F.3d 224 (3d Cir. 2008) ............................................... 5, 7, 10, 14

Phillips v. County of Allegheny,
  515 F.3d 224, 234 (3d. Cir. 2008 ..................................................................... 4

Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002) .......................... 4

Romaine v. Kallinger
  109 N.J. 282 (1988) (*quoting* Restatement (Second) of Torts § 652E (1977)). ...................... 12

Shane v. Fauver
  213 F.3d 113 (3d Cir. 2000) ............................................................................. 14

Slim CD, Inc. v. Heartland Payment Sys, Inc.
  2007 U.S. Dist. LEXIS 62536 (D.N.J. Aug. 24, 2007) (*quoting* 5 Charles Alan
  Wright & Arthur R. Miller, Federal Practice and Procedure §1182 (3d ed.
  2004)) ..................................................................................................... 5, 9

Tedards v. Auty
  32 N.J. Super. 541 (App. Div. 1989) ................................................................ 7

Torrey v. State of New Jersey
  2014 U.S. Dist. LEXIS 31146 (D.N.J. March 11, 2014) ........................ 11, 12

Zippertubing Co. v. Teleflex Inc.
  757 F.2d 1401 (3d Cir. 1985) ........................................................................... 9

## <u>Rules</u>

Fed. R. Civ. P. 12 (b)(6)..................................................................................................... 4, 6

Fed. R. Civ. P. 8(a)(2) ........................................................................................................ 6

Fed. R. Civ. P. 8(e) ............................................................................................................ 6

Fed. R. Civ. Pro. 8(a)(2) .................................................................................................... 7

## PRELIMINARY STATEMENT

Rather than make a legitimate argument -- because he has none -- Read has ignored the applicable legal standard in his flawed motion to dismiss the counterclaims of the defendants (collectively "Profeta"). Thus, Read necessarily ignores the more than twenty (20) detailed paragraphs of allegations that support the five (5) causes of action for relief and contends without basis that Profeta has failed to state a claim. Certainly, when the Court accepts all of the well plead factual allegations as true, Profeta has more than demonstrated a "plausible" right to relief under the settled legal standard set forth by our Supreme Court. For these reasons the Court should swiftly deny Read's meritless motion to dismiss.

## STATEMENT OF FACTS

In or about 2010, Read approached Profeta regarding the creation of a Newark magazine concept with estimated monthly expenses approximating $40,000 per month.  Over the course of the next several years, Read and Profeta investigated the feasibility of launching a Newark-centric magazine concept, known as the "Downtowner", focused on Newark's downtown and intended to be a vehicle for the Military Park, Halsey and Broad Street neighborhoods to develop an identity and sense of liveliness.  [Counterclaim ¶¶6-7].

After thoroughly exploring the feasibility of Read's business plan, Profeta made clear to Read in January of 2013 that the structure Read was trying to erect in the magazine proposal was not financially feasible in today's magazine world, especially given the overhead and salaries Read had hoped to draw.  Thus, Profeta indicated that he was essentially disinclined to move forward with Read and the vast overhead that Read proposed, but would be interested in more of a "freelance" business model, where magazine staff would be paid per article and/or issue with no office space and no equipment.  [Counterclaim ¶¶8-9].

Unfortunately, Read declined Profeta's offer to move forward with a "freelance" model, insisting that he (and perhaps others) needed to "be on salary", and that Read would not work for freelance rates.  Thereafter, Read and Profeta separately pursued any interest that they might have had in creating a magazine.  In or about the Fall of 2013, Profeta proceeded to launch his magazine concept with the premiere issue of "*Radius*".  [Counterclaim ¶¶10-12].

Unlike the "Downtowner" concept proposed by Read, *Radius* was neither intended as a vehicle for the Military Park, Halsey and Broad Street neighborhoods nor focused on Newark's downtown, and was based on a freelance business concept that Profeta had proffered to Read, but which Read rejected.  Additionally, *Radius* was largely targeted to and circulated among an

affluent target market, residing outside of Newark but in or about its radius, and distributed free of charge. [Counterclaim ¶¶13-14].

Although *Radius* was well-received, it was not and has not been, as of this filing, a commercial success. Nevertheless, Read was incensed by the launch of *Radius* and commenced a campaign of callousness directed at Profeta and *Radius,* designed to defame and destroy Profeta's magazine concept so as to make room for Read's "Downtowner" in the Newark magazine marketplace. Thus, Read began to communicate falsely to third-parties that Profeta had "stolen" Read's business plan and magazine concept in an effort to forestall *Radius*' success and decimate its ability to turn a profit. [Counterclaim ¶¶15-17].

Additionally, Read filed and continued to maintain a meritless Complaint for the same improper purpose, contending without basis that Profeta had engaged in unlawful acts in connection with the publication of *Radius*. Indeed, both prior to and after the issuance of process, Read has maintained and continued to maintain that Profeta "stole" Read's business plan and/or magazine concept and even filed an Amended Complaint essentially asserting those false claims. For these reasons, Defendants/Counterclaimants filed a Counterclaim to obtain redress and damages for Read's unlawful conduct. [Counterclaim ¶¶18-20].

**LEGAL ARGUMENT**

**POINT I**

**THE COURT SHOULD DENY PLAINTIFF'S MOTION TO DISMISS THE COMPLAINT BECAUSE PLAINTIFF FAILS TO SATISFY THE RULE 12(b)(6) STANDARD.**

Federal Rule of Civil Procedure 8(a)(2) governs the adequacy of pleadings and requires only "a short and plain statement of the claim showing that the pleader is entitled to relief". Stating a claim requires only "enough factual matter (taken as true) to suggest" the required element. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d. Cir. 2008)(*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 n.3 (2007)).

In considering a motion to dismiss under Fed. R. Civ. P. 12 (b)(6), the Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Id. at 231 (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)); Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). The moving party "bears the burden of showing that no claim has been presented." Id. (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)). This same standard applies to counterclaims.

Dismissal is inappropriate so long as the allegations demonstrate a "plausible" right to relief. See Twombly, 550 U.S. 544; Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citation omitted) (*quoting* Twombly, 550 U.S. at 570)).

-4-

The "plausibility" standard embraced in Twombly and Iqbal does not require that a complaint "provide 'detailed factual allegations.'" Abdelhamid v. Altria Group, Inc., 515 F.Supp. 2d 384, 391 (S.D.N.Y. 2007) (*quoting* Twombly, 550 U.S. at 555). Rather, it "must amplify a claim with some factual allegations…to render the claim *plausible*." Id. (emphasis in original); see also, Phillips, 515 F.3d at 234 ("'[S]tating…a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." (citations omitted) (*quoting* Twombly, 550 U.S. at 556)).

In fact, the fundamental function of a federal pleading is "to inform the opposing party and the court of the nature of the claims and defenses being asserted by the pleader and, in the case of an affirmative pleading, the relief being demanded." Slim CD, Inc. v. Heartland Payment Sys, Inc., 2007 U.S. Dist. LEXIS 62536 (D.N.J. Aug. 24, 2007) (*quoting* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1182 (3d ed. 2004)). Federal notice pleading merely requires a plaintiff to provide an adversary with fair notice of a claim and the grounds on which that claim is based.

Here, the Counterclaim offers far more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" Iqbal, 129 S.Ct. at 1949 (*quoting* Twombly, 550 U.S. at 555). Nor does the Counterclaim merely "tender[ ] 'naked assertions' devoid of 'further factual enhancement.'" Id. (*quoting* Twombly, 550 U.S. at 557). Rather, the Counterclaim presents twenty paragraphs of factual allegations to support the five our causes of action. These factual allegations, which, on a motion to dismiss, must be accepted as true, render Profeta's counterclaims more than plausible.

-5-

When accepting all the factual allegations of the Counterclaim as true, construing the Counterclaim in the light most favorable to Profeta, and consistent with the requirement of Fed. R. Civ. P. 8(e) that pleadings must be construed as to do justice, the Court should determine that under a reasonable reading of the Counterclaim Profeta may be entitled to relief from Read. Accordingly, Profeta, having satisfied the pleading requirements of Fed. R. Civ. P. 8(a)(2), and Read having failed to satisfy the standard applied under Fed. R. Civ. P. 12 (b)(6), Read's motion to dismiss should be denied.

## POINT II

### THE FIRST COUNT OF THE COUNTERCLAIM STATES A COGNIZABLE CLAIM FOR MALICIOUS ABUSE OF PROCESS.

Contrary to plaintiff's claims, Profeta has pled sufficient facts in the Counterclaim to form the basis of a plausible claim of malicious abuse of process. In fact, the "plausibility" standard embraced in Twombly and Iqbal does not require that Profeta's Counterclaim contain "detailed factual allegations." See Abdelhamid, 515 F.Supp. 2d 384 at 391. Rather, it must only "amplify a claim with some factual allegations...to render the claim *plausible.*" Id. (emphasis in original). Indeed, Fed. R. Civ. Pro. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief". Stating a claim requires only "enough factual matter (taken as true) to suggest" the required elements. Phillips, 515 F.3d at 234.

Here, Profeta's claim of malicious abuse of process is the "improper, unwarranted and perverted use of process after it has been issued." Tedards v. Auty, 232 N.J. Super. 541, 549 (App. Div. 1989). Although plaintiff argues that Profeta failed to plead any further act of "perversion" of process after the filing of the Complaint (Pb at 9), that claim is simply inaccurate. In fact, paragraphs 17 through 19 contain the required factual basis, satisfying Twombly and Iqbal.

> 17.    Thus, Read began to communicate falsely to third-parties that Profeta had "stolen" Read's business plan and magazine concept in an effort to forestall *Radius*' success and decimate its ability to turn a profit.

> 18.    Additionally, Read filed and continued to maintain a meritless Complaint for the same improper purpose, contending without basis that Profeta had engaged in unlawful acts in connection with the publication of *Radius*.

> 19.    Indeed, both prior to and after the issuance of process, Read has maintained and continued to maintain that Profeta "stole" Read's business plan and/or magazine concept and even filed an Amended

Complaint essentially asserting those false claims.  [Counterclaim ¶¶17-19].

Based upon the foregoing allegations, there should be no dispute that Profeta has alleged that *after* the filing of the Complaint, and independent of the filing of the Complaint, plaintiff has unlawfully used the filing of this action as a vehicle to further defame Profeta and show him in a false light to others in his business with the intent to coerce Profeta to cease publication of the *Radius.*

In light of the allegations in the Counterclaim, there is no doubt that Profeta has plead sufficient facts to form the basis of a ***plausible*** malicious abuse of process.  Thus, plaintiff's motion to dismiss the first count should be denied.

## POINT III

## THE SECOND AND FOURTH COUNTS SET FORTH COGNIZABLE CLAIMS OF TORTIOUS INTERFERENCE.

In order to state a claim for tortuous interference with prospective economic advantage, Profeta must allege: (1) a reasonable expectation of economic advantage; (2) intentional or malicious interference; (3) the interference caused the loss of the prospective advantage; and (4) damages. See Leistritz v. Extruder Corp. v. Plymer Concentrates, Inc., 363 Fed.Appx. 963, 967 (3d 2010); Carton v. Choice Point, 450 F.Supp. 2d 489, 501-02 (D.N.J. 2006).

Moreover, in alleging a tortious interference with prospective advantage claim, "[c]ertainty of economic advantage need not be shown; reasonable probability of that advantage absent interference suffices." Zippertubing Co. v. Teleflex Inc., 757 F.2d 1401, 1409 (3d Cir. 1985).

Indeed, Profeta "need not identify the specific lost business opportunities in its pleading" to adequately plead claim for tortious interference. See Northern Star Management, Inc. v. The Insurance Professionals, Inc., 2013 U.S. Dist. LEXIS 135286 (D.N.J. Sept. 23, 2013); see also Slim CD, Inc. v. Heartland Payment Sys, Inc., 2007 U.S. Dist. LEXIS 62536 (D.N.J. Aug. 24, 2007) (applying Twombly standard and denying motion to dismiss tortious interference claim for failure to plead specificity).

In this instance, Profeta has pled sufficient facts to form the basis of a plausible claim for tortious interference. In substance, the Counterclaim states that Profeta began publication of the *Radius* in or about the Fall of 2013, that plaintiff sought to defame and destroy *Radius* to make room for his own publication by intentionally and falsely relaying to others that Profeta had "stolen" his plans for the *Downtowner*. Additionally, Profeta has alleged that plaintiff acted with malice to decimate *Radius* and, also to influence others to cease conducting business with

Profeta. Finally, Profeta alleges that as a result of plaintiff's actions, Profeta and the Radius have suffered damage. See Counterclaim at ¶12; ¶¶16-19; ¶¶25-27; and ¶¶34-37.

Simply put, the second and fourth counts of the Counterclaim contain "enough factual matter (taken as true) to suggest" the required elements of tortious interference with prospective economic advantage, see Phillips, 515 F.3d at 234, and, therefore meet the liberal pleading requirements of Fed. R. Civ. Pro. 8.   Accordingly, plaintiff's motion to dismiss should be denied.

<u>POINT IV</u>

## THE THIRD COUNT SETS FORTH A CONGNIZABLE CAUSE OF ACTION FOR DEFAMATION.

A properly plead a claim for defamation includes the defamatory words, the identity of the person uttering the words and the fact of publication. See <u>F.D.I.C. v. Bathgate</u>, 27 F.3d 850, 875 (3d Cir. 1994); <u>Torrey v. State of New Jersey</u>, 2014 U.S. Dist. LEXIS 31146 (D.N.J. March 11, 2014). Profeta's Counterclaim contains facts sufficient to satisfy these requirements.

First, Profeta plead the defamatory statement as plaintiff told others that Profeta "stole" plaintiff's magazine concept for a Newark magazine (¶29). Statements that include an "imputation of theft or larceny" are slanderous *per se*, <u>Hall v. Heavey</u>, 195 <u>N.J. Super</u>. 590, 597 (App. Div. 1984), as are statements which imply that one "stole property, without explicitly accusing him of theft." <u>Murphy v. Johns-Manville Prods. Crop.</u>, 45 <u>N.J. Super</u>. 478, 488 (App. Div.), certif. den. 25 <u>N.J.</u> 55 (1957).[1]

Second, the Counterclaim identifies plaintiff Read as the person making the statement. (¶¶17; 30). Finally, Profeta has plead that these defamatory statements were communicated to third parties with knowledge of their falsity (¶31), and for the purpose of harming Profeta's reputation in the community (¶30).

These facts are sufficient to form the basis of a *plausible* claim for defamation and to place plaintiff on notice of the essence of Profeta's claim. See <u>Ciemniecki v. Parker McCay P.A.</u>, 2010 U.S. Dist. LEXIS 55661 (D.N.J. June 7, 2010) (Under Fed. R. Civ. Pro. 8, a defamation pleading "must only provide sufficient notice to the other party of the allegations made against him."). Thus, plaintiff's motion to dismiss this count should be dismissed.

---

[1] In both <u>Minuto v. Genesis Advisory Services, Inc.</u>, 2012 U.S. Dist. LEXIS 44882 (D.N.J. March 29, 2012) and <u>DeCosta v. English</u>, 2012 U.S. Dist. LEXIS 20515 (D.N.J. Feb. 16, 2012), relied upon by plaintiff, the complaints at issue were dismissed for failure to plead with specificity the defamatory statements.

## POINT V

### THE FIFTH COUNT ALLEGES A COGNIZABLE CAUSE OF ACTION FOR FALSE LIGHT INVASION OF PROPERTY.

A party is subject to liability for false light invasion of privacy when he or she "gives publicity to a matter concerning [the claimant] that places the [claimant] before the public in a false light [and] . . . (a) the false light in which the [claimant] was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the [claimant] would be placed." Romaine v. Kallinger, 109 N.J. 282, 290 (1988) (*quoting* Restatement (Second) of Torts § 652E (1977)).

Plaintiff, however, seeks to dismiss the claim because the purportedly false claims were not made "publicly." (Pb20). Plaintiff fails to cite to any case law supporting his argument. In fact, Profeta's factual allegation that plaintiff had publicized to third parties in the community that Profeta was a thief and "stole" his magazine does state a valid claim for false light. See J.L.D. v. Estate of Gannon, 2016 U.S. Dist. LEXIS 100312 (D.N.J. July 29, 2016) (false light tort properly plead based upon defendant's statement to employees, attorneys and plaintiff's father); Torrey v. New Jersey, 2014 U.S. Dist. LEXIS 31146 (March 11, 2014) (false light tort properly plead based upon defendant's statement to alleged prospective employer); (Gibbs v. Caswell Massey, 2009 U.S. Dist. LEXIS 23578 (D.N.J. March 26, 2009) (false light tort properly plead based upon defendant's statement to plaintiff's employer); Devlin v. Greiner, 147 N.J. Super. 446 (Law Div. 1977) (false light tort found to arise out of false statements in husband's private investigator's report).   In short, there is no doubt that the Counterclaim contains sufficient facts to form the basis for a claim of false light [see Counterclaim, ¶¶16-19 and ¶¶39-42].

Thus, with the fifth count of the Counterclaim pleading sufficient facts to form the basis of a ***plausible*** false light tort, plaintiff's motion to dismiss this count should be denied.

## POINT VI

## IN THE EVENT THAT ANY CLAIM IS FOUND TO BE INSUFFICIENTLY PLEAD, PROFETA REQUESTS LEAVE TO AMEND THE COUNTERCLAIM.

In the event that this Court were to find that certain of Profeta's claims have failed to have been plead with the required specificity, the appropriate relief is not a dismissal with prejudice as requested by plaintiff. To the contrary, the Third Circuit has "instructed that if a claim is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips, 515 F.3d at 236 (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)).

Thus in the Third Circuit, litigants' whose pleadings fail to state a cause of action are entitled to amend their complaint unless doing so would be inequitable or futile. See Fletcher-Harlee Corp. v. Pote Concrete Contrs., Inc., 482 F.3d 247, 252 (3d Cir. 2007). In Shane v. Fauver, 213 F.3d 113 (3d Cir. 2000), the Third Circuit stated:

> [W]e suggest that district judges expressly state, where appropriate, that the plaintiff has leave to amend within a specified period of time, and that application for dismissal of the action may be made if a timely amendment is not forthcoming within that time.

Id. at 116 (quoting Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (3d Cir. 1976)).

Thus, should the Court find that any of Profeta's claims have been insufficiently pled, it should not dismiss them outright, but should grant Profeta leave to amend to more fully set forth the basis of his entitlement to relief.

## CONCLUSION

For all of the foregoing reasons, plaintiff's motion to dismiss Profeta's Counterclaim should be denied in its entirety.  Alternatively, to the extent that the Court finds that any of counterclaims lack the necessary specificity, Profeta respectfully requests that he be granted leave to amend.

Respectfully submitted,

GREENBAUM, ROWE, SMITH & DAVIS LLP
Attorneys for Plaintiffs


By:___s/ Marc J. Gross_____
        MARC J. GROSS

Dated:  September 6, 2016

-15-