UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHILIP READ,<br><br>    Plaintiff,<br><br>v.<br><br>PAUL PROFETA, PAUL V. PROFETA &<br>ASSOCIATES; RADIUS:BRICK CITY &<br>BEYOND; STEVEN COLEMAN; and<br>WILLIAM KOHN<br><br>    Defendants. | Docket No.: 2:15-cv-02637-KM-JBC<br><br>Civil Action |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT TO MOTION TO DISMISS
DEFENDANT'S COUNTERCLAIM WITH PREJUDICE**

Return Date:   May 15, 2017 (carried from May 1, 2017)

**LAW OFFICES OF JAMES C. DEZAO, P.A.**
322 Route 46 West, Suite 120
Parsippany, New Jersey 07054
(973) 808-8900
James C. DeZao, Attorney ID: 019511985
*Attorney for Plaintiff*

## **TABLE OF CONTENTS**

|  | PAGE |
|---|---|
| Table of Authorities | ii |
| Preliminary Statement | 1 |
| Legal Argument | 1 |
|     I. The Defendants Do Not Oppose Dismissal of the First Count of the Amended Counterclaim; Therefore, It Should Be Dismissed With Prejudice. | 1 |
|     II. The Second Count Does Not Adequately Correct the Deficiencies. | 2 |
|     III. The Fourth Count Should Be Dismissed. | 3 |
|     IV.  Leave to Further Amend Should Be Denied. | 4 |
| Conclusion | 5 |

**TABLE OF AUTHORITIES**

CASES:                                                                    PAGE(S)

*California Pub. Employees' Ret. Sys. v. Chubb Corp.,*
394 F.3d 126, 166 (3d Cir. 2004). . . . . . . . . . . . . . . . . 5

*Conroy v. Leone,* 316 F. Appx. 140, 144, n. 5 (3d Cir. 2009). 1,2

*Debjo Sales, LLC v. Houghton Mifflin Harcourt Publishing Co.,*
2015 WL 1969380, 7 (D.N.J.) . . . . . . . . . . . . . . . . . . 3

*Home Depot U.S.A., Inc.,* 2016 WL 3566959, 9 (D.N.J.). . . . . 1

*Lawlor v. ESPN Scouts, LLC,* 2011 WL 675215, 2 (D.N.J.) . . . . 1

*MZL Capital Holdings, Inc. v. TD Bank, N.A.,* 2016
WL 4163827, 12 (D.N.J.) . . . . . . . . . . . . . . . . . . . . 4

*Plasticware, LLC v. Flint Hills Res., LP,* 852 F.Supp.2d 398
(S.D.N.Y. 2012) . . . . . . . . . . . . . . . . . . . . . . . . 2

## Preliminary Statement

The Plaintiff, Philip Read ("the Plaintiff"), submits this Memorandum of Law in Reply to the Opposition of the Defendants to his Motion to Dismiss the First, Second, and Fourth Counts of the Defendants' Amended Counterclaim. For the reasons set forth in his moving papers and below, the Plaintiff's Motion should be granted and those Counts of the Amended Counterclaim dismissed with prejudice.

## Argument

**I. The Defendants Do Not Oppose Dismissal of the First Count of the Amended Counterclaim; Therefore, It Should Be Dismissed With Prejudice.**

Evidently realizing that they cannot sustain it, the Defendants have failed to oppose dismissal of the First Count of the Counterclaim. Their failure to oppose the argument for dismissal of the First Count waives the issue. *See, Broad v. Home Depot U.S.A., Inc.*, 2016 WL 3566959, 9 (D.N.J.)("Plaintiff's failure to oppose the argument waived the issue"); *Lawlor v. ESPN Scouts, LLC*, 2011 WL 675215, 2 (D.N.J.)(finding promissory estoppel claim abandoned where defendants, in moving to dismiss, argued that the plaintiff was paid the amount owed, and where plaintiff did not respond in any way to the defendants' argument); *Conroy v. Leone*, 316 F. Appx.

1

140, 144, n. 5 (3d Cir. 2009)("We find this undeveloped argument has been waived").

For the reasons set forth in the Plaintiff's Motion, the First Count should be dismissed.

### II. The Second Count Does Not Adequately Correct the Deficiencies.

The Defendants argue that the Court merely "found that [they] had failed to provide specific notice of the benefit [they] expected" and would have reaped (Document 49, p. 15). But as highlighted in the Plaintiff's Motion, the Court held, in "short," that "the essential who, what when, where, and how are lacking" (Document 38, pp. 12-13).

In response to this holding, the Defendants have given a vague "who" ("funding sources" and "certain advertisers" [Document 49, p. 15]), but (assuming these allegations constitute a "who") failed to allege a "when and where."

The Defendants ignore the Plaintiff's squarely applicable citation to *Plasticware, LLC v. Flint Hills Res., LP*, 852 F.Supp.2d 398 (S.D.N.Y. 2012), where the plaintiff's failure to allege "adequate details about a specific contract" justified dismissing the claim for tortious interference with contract. *Id.* The Defendants' vague allegations about "funding sources" and "advertisers" are even less defined than the claims held

2

insufficient in *Debjo Sales, LLC v. Houghton Mifflin Harcourt Publishing Co.*, 2015 WL 1969380, 7 (D.N.J.), where the plaintiff provided a list of 23 school districts with which it had "agreements," but did not give adequate specifics regarding them, including whether they paid or the effective date, hence failing to identify valid relevant contracts with reasonable specificity. The Defendants also fail to distinguish *Debjo* from this case.

### III. The Fourth Count Should Be Dismissed.

The Defendants dizzingly recite the boilerplate elements to the cause of action for tortious interference with contractual relations (Document 49, p. 17), then proceed to recite the very same allegations in the Amended Counterclaim that the Plaintiff analyzes at length in his moving papers.

Turning to the Court's decision, the Defendants cherry pick the language that helps their case: The Court's finding (discussed in the Plaintiff's Motion) that a Tortious Interference Claim is not meant to govern the contractual relationship itself" (Document 49, pp. 17-18). That is the only language the Defendants focus on, and, even then, they wholly fail to example how their Amended Pleading is "cured." Indeed, the Defendants' reference to "funding sources" and "advertisers" (*Id.* at p. 18) still flouts the Court's comment that the

3

original Counterclaim referenced "unnamed" "others" (Document 38, p. 12). Evidently, the Defendants still have no "names" for the "others." The comparison the Plaintiff illustrated between the original and amended Counterclaims underscore that the Defendants have made a superficial insertion of a vague reference to an unnamed other (by virtue of title only) in an attempt to remedy the defect found by the Court.

### IV. Leave to Further Amend Should Be Denied.

Predictably, the Defendants request yet another figurative bite at the apple to amend the two above Counts of their Counterclaim. In so doing, they have shockingly ignored *all* of the case law the Plaintiff presented in his moving papers, establishing exactly why leave would be ill-advised, and properly denied, in this circumstance (Document 49, pp. 20-21).

For all of the definite and applicable reasons set forth in the Plaintiff's Motion, the Defendants should be denied leave to further amend what they have failed to properly amend despite the Court's clear instructions. Indeed, their failure to provide the details necessary to sustain these causes of action leads to the conclusion that those details simply do not exist. *See, MZL Capital Holdings, Inc. v. TD Bank, N.A.*, 2016 WL 4163827, 12 (D.N.J.)("Dismissal with prejudice, however, may be an appropriate exercise of discretion where the court has

4

previously provided the plaintiffs with a detailed roadmap for curing the deficiencies in their claims" and the plaintiffs still fail to remedy those deficiencies in the amendment"); *California Pub. Employees' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 166 (3d Cir. 2004)(affirming district court's dismissal of second amended complaint with prejudice where district court had previously dismissed first amended complaint with leave to amend and "provided plaintiffs with a detailed blueprint of how to remedy the defects in their claims" but plaintiffs "utterly failed to comply with the District Court's directives").

## Conclusion

For the reasons set forth here and in his moving papers, the Plaintiff's Motion to Dismiss should be granted: The First Count of the Amended Counterclaim should be dismissed based on the Defendants' decision not to oppose dismissal and the Second and Fourth Counts dismissed with prejudice for failure to state a claim in accord with the Court's directives.

Law Offices of James C. DeZao, P.A.

Dated: 5/8/17  By: _____
JAMES C. DEZAO, ESQ.
Attorney for Plaintiff(s)